LANESE v. DUFF.

*Garnishment—Note transferred by payee after garnishee maker admitted indebtedness—Garnishee, having paid note, not liable to judgment creditor, when.*

Garnishee, disclosing indebtedness to judgment debtor as evidenced by cognovit note not due at time of decree against garnishee in favor of judgment creditor, and assigned and paid by garnishee before it became due, was not liable to judgment creditor for amount of note.

(Decided January 24, 1927.)

ERROR: Court of Appeals for Cuyahoga county.

*Messrs. Buonpane & Buonpane,* for plaintiff in error.
*Mr. George Palda,* for defendant in error.

SULLIVAN, J. This cause comes into this court on error from the municipal court of the city of Cleveland. In the court below opposing counsel made opening statements, and then and thereupon the court declared that from the statements defendant in error Duff was entitled to a judgment, whereupon judgment was entered in his favor.

Defendant in error stated that in a certain case in the municipal court he had obtained a judgment against one Minnillo; that subsequent to the rendition of said judgment he caused a garnishment to be issued against the plaintiff in error for the amount of the judgment, claiming that plaintiff in error held certain funds belonging to Minnillo. The plaintiff in error, Faustina Lanese, thereupon filed an answer stating that she was in fact indebted

to Antonio Minnillo in the sum of $500, being the
balance due on the purchase price of certain real
estate which she had purchased from Minnillo, and
that this sum of money was not due and payable
until the 8th day of February, 1925. The date of
the answer was May, 1924. In the garnishment
proceedings a decree was entered as follows:

"This cause coming on to be heard on the order
in aid of execution in the above-entitled cause, and
the court, being fully advised in the premises, finds:

"That Faustina Lanese is indebted to the defend-
ant, Antonio Minnillo, in the sum of $500 and that
said sum will be due and payable to said Antonio
Minnillo on February 8, 1925.

"That the defendant is indebted to the plaintiff
in the sum of $154.05, together with interest there-
on from March 10, 1924, for costs of $1.97, and in-
creased costs taxed at $3.37.

"It is therefore considered that the said Faus-
tina Lanese be and she hereby is ordered to pay
to said plaintiff out of the funds owing by her to
said defendant, Antonio Minnillo, the sum of
$154.05 with interest thereon from March 10, 1924,
and for costs and increased costs taxed at $5.34 on
or before February 8, 1925."

When the $500 became due as above stated, there
was a default in payment in accordance with the
decree above set forth, and thereupon Duff, the
defendant in error, filed a suit against the plaintiff
in error, and judgment was entered against her as
decreed in the garnishment proceedings.

It appeared at the trial that the $500 in question
was evidenced by a *cognovit* note, not due at the
time of the decree against the garnishee, and that
before it came due it had been regularly assigned,

and payment made by the garnishee upon presentation, and it is claimed that this fact relieved the garnishee from the obligation imposed upon her by the court in the decree above set forth.

We think the following authorities are applicable to the case at bar:

"By reason of the commercial quality of negotiable instruments, that which was a debt to the defendant may become the debt to another; and if such other has acquired his title before maturity, under such circumstances that he is a *bona fide* holder, the debt at maturity is not one to defendant in attachment, and therefore cannot be appropriated to plaintiff's judgment." *Secor* v. *Witter*, 39 Ohio St., 218, 230.

If the instrument is negotiable and not due, it is liable to become the property of a *bona fide* holder before maturity. By the law merchant, his right is paramount, and the attachment ceases to be available. If the plaintiff, after maturity, brings his action for noncompliance with the order, and it then appears that by reason of the negotiability of the paper the title and property thereof have been acquired by such a holder, the plaintiff cannot recover; otherwise, the garnishee must pay twice. Drake on Attachment (7th Ed.), Section 585.

After the payee of a note has indorsed it over for value, his creditor cannot by garnishment on the maker reach the fund, although it was indorsed over after maturity and without notice to the maker and that latter answers that he is still indebted. *Village of Lorain* v. *Lorain Savings & Banking Co.*, 2 N. P., 108, 4 O. D. (N. P.), 84.

Only debts then owing by the garnishee can be held by garnishment. After the payee of a note

has indorsed it over for value his creditor cannot by garnishment on the maker reach the fund, although it was indorsed over after maturity and without notice to the maker and the latter unadvisedly answers that he is still indebted. *Village of Lorain* v. *Lorain Savings & Banking Co., supra.*

Holding these views, the judgment of the lower court is hereby reversed.

*Judgment reversed.*

LEVINE, P. J., concurs.

VICKERY, J., not participating.